# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE DIETZ** | **CIVIL ACTION NO. 6:12-cv-2010** |
| **LA. DOC #440833** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **WARDEN WESLEY HAYES, ET AL.** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Bruce Dietz, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on July 20, 2012. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), currently incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana. However, plaintiff complains of events which occurred during his prior incarceration the Iberia Parish Jail (IPJ) in New Iberia, Louisiana. Plaintiff names Warden Wesley Hayes, the IPJ and the "Central Administration" of the IPJ, and Captain Richard Hazelwood. He seeks compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

**Factual Background**

Plaintiff is an inmate in the custody of the LDOC.  On September 21, 2011, while incarcerated at the IPJ, he and several other IPJ trustees were organized into a work detail approved by Warden Hayes and supervised by Deputies Earl Romero and Moses Romero. Upon completion of a job that included welding, plaintiff was picking up tools, when an explosion occurred in a small metal box where the oxygen and acetylene hoses were stored.   According to plaintiff, his left eye was burned shut, all of his facial hair was burned off, and he sustained a burn on his right arm from his wrist to his elbow.  Plaintiff allegedly lost the vision in his left eye for a period of six days, his nasal passages were burned, and he still allegedly suffers numbness in his nose.  Plaintiff claims that his left eye vision, which was 20/20 prior to the accident, is now 20/50.

Plaintiff was examined and presumably treated by a physician and a nurse at the IPJ.  However, despite his request, plaintiff complains that he was not taken to a hospital for further examination or treatment.  Instead, 20 days after the accident, plaintiff  was transferred to the Tensas Detention Center, another corrections facility in north Louisiana. At some point after the accident, plaintiff was examined by an eye doctor at the Elayn Hunt Correctional Center.

On November 20, 2011, plaintiff submitted a handwritten administrative remedy procedure grievance to the LDOC in Baton Rouge, Louisiana complaining about the September 21, 2011 accident.  In that grievance, plaintiff indicated that he received burns

2

to his left eye, face, and right forearm, for which he was taken to the IPJ medical unit, where he was examined and treated by both a nurse and physician.  However, plaintiff complained that  he was not transported to the University Medical Center Hospital for treatment.

Plaintiff  further complained that the IPJ lacked an effective administrative remedies procedure, presumably because the Warden did not respond to his request to be taken to a hospital (which apparently prompted the submission of this grievance to the LOC directly).  Plaintiff  also complained that his transfer to the Tensas Detention Center was a hardship on his elderly parents, since it necessitated a four hour drive for visitation purposes.  He therefore requested transfer to a work-release program to earn the money needed to correct his vision or monetary damages.

According to plaintiff, he never received a response to his grievance from the LDOC.  He further alleges that in response to a later inquiry, plaintiff was told by the LDOC that there were no pending grievances filed on plaintiff's behalf.

### *Law and Analysis*

**1. Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983,  the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, plaintiff has set forth specific facts which he claims entitles him to damages and he has pleaded his best case.  The facts alleged by plaintiff  have been accepted as true for the purposes of this Report.  Nevertheless, plaintiff's damage claims are subject to dismissal for the reason which follows.

## 2. Medical Care

Plaintiff claims that he was denied appropriate medical care immediately following his accident and, presumably, for the 20 days following the accident while still incarcerated at IPJ.  Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order for a convicted prisoner to prevail on a claim that his medical care

4

(or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (*en banc*);  *Sibley v. LeMaire*, 184 F.3d 481, 489 (5th Cir. 1999);  *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  Plaintiff has not made this showing.

Deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) *citing Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  The plaintiff must allege and be able to prove that each named defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous.  *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir.2000).  Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;  thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *See also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  Deliberate indifference cannot be proven through cumulative group acts, but rather, "each defendant's subjective deliberate indifference, *vel non*, must be examined separately."  *Stewart*, 174 F.3d at 537.

It is not enough to demonstrate that the defendant was negligent, rather it must be shown that the actions were so reckless as to amount to deliberate indifference. *Sibley*, 184 F.3d at 489.  Thus, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.  Moreover, the mere fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. *See Norton* , 122 F.3d at 292.

Plaintiff was apparently burned as a result of the September 21, 2011 accident. Plaintiff's injuries were not ignored.  Rather, plaintiff admits that he was examined and presumably treated by both a nurse and a physician at the IPJ.   It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  *Norton*, 122 F.2d at 292; *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

The crux of plaintiff's complaint is that he was not immediately sent to the hospital for treatment.  However, the fact that the medical care given is not the best that money can buy does not amount to deliberate indifference. *Mayweather*, 958 F.2d at 91; *Norton*, 122 F.3d at 292.  The constitution does not command that prison inmates be given the kind of medical attention that judges would wish to have for themselves;  it prohibits only deliberate indifference to serious medical needs. *Mayweather*, 958 F.2d at 91; *Ruiz v.*

6

*Estelle*, 679 F.2d 1115, 1149 (5ᵗʰ Cir. 1982), amended in part and vacated in part on other grounds, 688 F.2d 266, 267 (5ᵗʰ Cir. 1982). Although plaintiff apparently requested additional examination and treatment at the University Medical Center, while desirable, treatment at a hospital is in no way constitutionally required.

Furthermore, to the extent that plaintiff's allegations suggest that he disagreed with the extent and propriety of the medical treatment which was determined by the prison nurse and physician to be appropriate in his case, it is well settled that disagreement with what medical care is appropriate does not amount to a constitutional violation.  *Norton*, 122 F.3d at 292;  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5ᵗʰ Cir. 1985); *Calloway v. Smith County*, 991 F. Supp. 801 (E.D. Tex. 1998); *Varnado v.  Lynaugh*, 920 F.2d 320, 321 (5ᵗʰ Cir. 1991).

Moreover, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Domino,* 239 F.3d at 756 *quoting Estelle*, 429 U.S. at 107, 97 S.Ct. 285.  Likewise, even incorrect diagnosis or unsuccessful treatment is insufficient to establish deliberate indifference sufficient to state a constitutional claim. *Johnson*, 759 F.2d at 1238-39; *Domino*, 239 F.3d at 756.

At best, the complaint shows merely that the prison medical personnel may have acted negligently with regard to plaintiff's alleged injuries.  However, actions which are merely inept, erroneous or negligent do not satisfy the high standard of deliberate indifference.  *Doe v.  Dallas Independent School District*, 153 F.3d 211, 219 (5ᵗʰ Cir.

1998).  Moreover, negligence, or even medical malpractice, does not implicate the Eighth Amendment and does not provide a basis for a § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Callaway*, 991 F. Supp. at 809; *Graves*, 1 F.3d at 319-20;  *Stewart,* 174 F.3d at 534.

Finally, to the extent that plaintiff complains of the delay before he was taken to an eye doctor at the Elyan Hunt Correctional Center, that claim is without merit.  In order to set forth a viable constitutional claim for delayed medical treatment, the plaintiff must show that the named defendants acted with deliberate indifference and substantial harm was occasioned by the delay.  *Mendoza v.  Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993); *Wesson v.  Oglesby,* 910 F.2d 278, 284 (5th Cir. 1990).

There is nothing in the record indicating plaintiff suffered substantial harm as a result of any delay.  Although plaintiff alleges that he has been advised that he has lost vision in his left eye, there is no evidence before this Court that the delayed report of this finding resulted in any substantial harm to plaintiff.  Further, as discussed above, the record fails to demonstrate that any named defendant acted with deliberate indifference toward plaintiff's medical needs.

For these reasons, plaintiff has failed to state a viable constitutional medical care claim and dismissal on that basis is recommended.[1]

---

[1]Complainant does not make a claim for damages that he may have sustained as a result of the explosion, nor can he in this § 1983 action.

### 3. Grievances

To the extent that plaintiff complains that he did not receive a proper response to his grievances, those allegations fail to set forth a constitutional claim.  "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) *citing Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) *quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995);  *Mayfield v. Wilkinson*, 117 Fed. Appx. 939, 940 (5th Cir. 2004).

Accordingly, prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction.[2]  *Id.*   Moreover, this Court has held that "[i]nmates 'do not have a constitutionally protected right to a grievance procedure.'" *Oladipupo v. Austin*, 104 F.Supp.2d 626, 638 (W.D. La. 2000) *citing Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D. Va. 1994), *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) and *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986).  This is so because although the claim underlying the grievance may involve a constitutional right, the prisoner's right to petition the government for redress is not compromised by a prison official's refusal to entertain the prisoner's grievance.  *Id*. Thus, as in the instant case

---

[2] *See also Overholt v. Unibase,* 221 F.3d 1335, *3 (6th  Cir. 2000) *citing Flick v. Alba*, 932 F.2d 728, 729 (8th  Cir. 1991) (Prison officials are not obligated to "properly" respond to grievances because "there is no inherent constitutional right to an effective prison grievance procedure.");  *Carpenter v. Wilkinson*, 205 F.3d 1339 (6th  Cir. 2000) *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) and *Adams v. Rice*, 40 F.3d 72, 75 (4th  Cir. 1994); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).

where the prisoner exercises his right to file suit, no constitutional violation occurs.  *Id.*

## 4. Transfer

To the extent that plaintiff also objects to his transfer from the IPJ to other corrections facilities further from his home, those alleghations do not set forth a Constitutional claim.  Prisoners does not have a constitutional right to incarceration in any particular place or at any particular institution.  *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)*; Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Parker v.  Cook*, 642 F.2d 865, 876 (5th Cir. 1981); *Hutto v. Finney*, 98 S.Ct. 2565, 2571 (1978);  *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); and *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989).  The ability to transfer prisoners is essential to prison management and subject to the discretion of the prison administration, an acute interest of  the States, which the federal courts should not supervise.[3]   *Meachum; Olim; Montanye; Hutto* and *Jackson, supra.*

For the reasons set forth above;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for relief which may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3]Plaintiff is an LDOC inmate.  Therefore, under Louisiana law, his placement in a facility is solely within the broad discretion of the Director of the LDOC.  La. R.S.15:824(A).

10

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette,  Louisiana November 8, 2012.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  11-8-2012
By:  MBD

11